# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### HATTIESBURG DIVISION

**JOSEPH GLENN JONES, #118373**                    **PETITIONER**

**versus**                              **CIVIL ACTION NO. 2:09cv177-KS-MTP**

**RONALD KING, et al.**                          **RESPONDENTS**

## REPORT AND RECOMMENDATION

BEFORE THE COURT is the *pro se* petition of Joseph Glenn Jones for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Having considered the submissions of the parties, the record of the state court proceedings, and the applicable law, the undersigned recommends that Jones's petition be denied.

## PROCEDURAL HISTORY

On May 18, 2006, Joseph Glenn Jones was convicted in the Circuit Court of Jones County, Mississippi of sexual battery of a child in violation of Miss. Code Ann. § 97-3-95(1)(c).[1] Jones was sentenced to a term of thirty years imprisonment, with fifteen years suspended and fifteen to serve.[2] Jones filed a direct appeal of his conviction and sentence to the Mississippi Supreme Court based on the following grounds: 1) whether the conviction was contrary to the weight of the evidence; and 2) whether the trial court erred in dismissing a juror.[3] On April 15, 2008, the Mississippi Court of Appeals affirmed Jones's conviction and sentence in a written opinion. *See Jones v. State*, 991 So. 2d 629 (Miss. Ct. App. 2008); Ex. A to Answer [13-2].

---

[1]*See* State Court Record, Vol. 2 of 6 [14-3] at 90, 108-09. The State Court Record is cited hereafter as "SCR Vol. 2 [14-3] at __." The document number (i.e., [14-3]) and page numbers cited to herein refer to those assigned by the docketing clerk of this court, and not the state court.

[2]*See* SCR Vol. 2 [14-3] at 108-09.

[3]*See* "Briefs & Other Pleadings," Vol. 1 [14-8] at 2-24.

Jones's motion for rehearing was denied on July 22, 2008, and his petition for writ of certiorari was denied by the Mississippi Supreme Court on October 2, 2008. *Id.*

On or about March 17, 2009,[4] Jones sought leave from the Mississippi Supreme Court to file his Petition for Post-Conviction Collateral Relief [5] (hereinafter "PCR") in which he asserted the following grounds (as stated by Petitioner):

Ground One: Ineffective assistance of counsel at trial.
    A. Inadequate pre-trial investigation into controlling law and facts.
    B. Failure to raise a statute of limitations defense.
    C. Failure to obtain DNA expert and to timely and properly make a motion for funds for an expert.
    D. Failure to conduct pre-trial interviews of state's witnesses.
    E. Failed to present exculpatory or impeachment evidence, failed to call defense witnesses.
    F. Failed to make contemporaneous objections [regarding removal of juror].
    G. Failed to object to testimony of evidence not submitted at trial [regarding DNA evidence].
    H. Failed to submit any acceptable jury instructions.
    I. Failed to object to obvious duplicitas [sic] indictment.
    J. Failed to issue a subpoena for an expert witness whom had a conflicting schedule.
    K. Neither attorney Smith nor the public defender's office provided any actual assistance to the defense. The public defender's office was silent during the trial.
    L. Failed to object to jury instructions.
    M. Failed to timely file motions before the court.
    N. Failed to properly preserve error for appeal.

Ground Two: Ineffective assistance of appellate counsel.
    A. Failed to conduct proper examination of the record or file a Notice of Appeal.
    B. Failure to raise the following issues on direct appeal:
        1. Ineffective assistance of counsel at trial.

---

[4]Jones claims his petition for post-conviction collateral relief was initially submitted to the Mississippi Supreme Court on March 17, 2009, but was subsequently lost and re-filed on May 12, 2009. *See* Petition [1] at 3; "Miscellaneous Pleadings" [14-12] at 3.

[5]He had three years from the date his "direct appeal [was] ruled upon" to do so. Miss. Code. Ann. § 99-39-5(2).

2. Prosecution not within statue [sic] of limitation.
3. Conviction upon insufficient evidence violated due process.
4. Denied discovery in violation of due process.
5. Demurrs [sic] to the indictment and insufficiency of the indictment.
6. Double Jeopardy / Collateral estoppel.
7. Trial court error in refusing defendant the expenditure of funds to hire DNA expert.
8. Trial court failure to suppress DNA evidence.
9. Trial court denial of continuance.
10. Denial of fair trial.

Ground 3.     Prosecution time barred / not within statue (sic) of limitation

Ground 4.     Conviction upon insufficient evidence

Ground 5.     The Indictment is insufficient and unconstitutional

Ground 6.     The indictment was duplicitas [sic] / multiplicatus [sic] and in violation of double jeopardy

Ground 7.     Double jeopardy / collateral estoppel

Ground 8.     Denied discovery in violation of due process

Ground 9.     Denied the expenditure of funds to hire DNA expert

Ground 10.    Trial court erred in failing to suppress non/disclosed (DNA) evidence, thus violating due process

Ground 11.    The trial court erred in refusing to grant continuance

Ground 12.    The trial court erred in admitting unauthenticated DNA evidence

Ground 13.    Denied a fair trial

Ground 14.    The Court of Appeals abused it's [sic] authority in refusing to allow petitioner to supplement his direct appeal.[6]

On June 15, 2009, the Mississippi Supreme Court denied Jones's application

stating,

---

[6]*See* "Miscellaneous Pleadings" [14-12] at 4-59.

Jones asserts that he was denied effective assistance of counsel at trial and on direct appeal. However, Jones fails to specifically allege facts to support the assertion and fails to demonstrate that but for counsel's deficient performance the results of the trial would have been different. A defendant must demonstrate that his counsel's performance was deficient *and* that the deficiency prejudiced the defense of the case. *Strickland v. Washington,* 466 US 668, 687 (1984). Jones also raises a number of claims that are procedurally barred where the claims should have been raised on direct appeal. Therefore, the panel finds that the application should be denied.

*See* Ex. B to Answer [13-2].

Jones filed the instant Petition [1] for writ of habeas corpus on or about September 2, 2009. By that Petition [1] he asserts the following grounds for relief (as stated by Petitioner):

**Ground 1:** Petitioner submits that he was denied discovery in violation of his right to Due Process of Law, pursuant to the United States and Mississippi Constitutions.

**Ground 2:** Petitioner submits that he was denied effective assistance of counsel at trial, which is in violation of the United States and Mississippi Constitutions.
- A. Defense Counsel failed to conduct an adequate pre-trial investigation into the controlling laws and facts [including the applicable statute of limitations].
- B. Defense Counsel failed to make contemporaneous objections [regarding the dismissed juror and DNA testimony].
- C. Defense Counsel failed to submit proper and acceptable jury instructions.
- D. Defense Counsel failed to object to an obvious duplicitous indictment.
- E. Defense Counsel failed to issue a subpoena for an expert witness who had a conflicting schedule.

**Ground 3:** Petitioner submits he was denied effective assistance of counsel on direct appeal, guaranteed by the Constitution.
- A. Counsel failed to conduct a proper examination of the record thereby limiting the availability of a legal argument on the merits of the case.
- B. Counsel failed to conduct proper research of the law and failed to marshall the facts and circumstances.
- C. Counsel failed to attack the conviction and sentence with zeal, which limited the effectiveness of the appeal.
- D. Counsel failed to file the Notice of Appeal, Designation of

Record and other requirements of beginning the appeal process, to the extent that Petitioner had to proceed on these documents himself.

E.  Failure to raise the following issues on direct appeal:
1. Denial of expert assistance.
2. Prosecution time bar.
3. Insufficient and unconstitutional indictment.
4. Double jeopardy and/or duplicity.
5. Denial of discovery.
6. Conviction on a nonunanimous [sic] verdict.
7. Denial of a fair trial.
8. Ineffectiveness of trial counsel.
9. Trial court in error failing to grant JNOV.

**Ground 4:** The Petitioner submits that the indictment is insufficient and constitutionally invalid.

**Ground 5:** The Petitioner submits that there was insufficient evidence to convict, which violates the United States and Mississippi Constitutions.

**Ground 6:** The Petitioner submits that the prosecution was time barred by State statute to commence with this case, in violation of United States and Mississippi Constitutions.

**Ground 7:** The Petitioner submits that he was denied the assistance of a DNA expert, which violates and compromises his rights under the United States and Mississippi Constitutions.

**Ground 8:** Jones asserts that the accumulation of constitutional violations and trial court errors had the effect of denying him a fundamental fair trial.

Respondents submit that Jones has exhausted his state court remedies as to the claims asserted in Grounds Two, Three, and Five of his petition. However, Respondents submit that the claims raised in Grounds One, Four, Six, Seven, and Eight were raised in Jones's PCR and were held to be procedurally barred by the Mississippi Supreme Court; thus Respondents urge that these claims are precluded from review by this court.

## DISCUSSION

The Antiterrorism and Effective Death Penalty Act (AEDPA), to which this case is

subject,[7] specifies that exhaustion of a claim in state court is required for a federal court to consider the claim: "An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that...the applicant has exhausted the remedies available in the courts of the State... ." 28 U.S.C. § 2254(b)(1)(A).

To satisfy this requirement, the petitioner must present his claims to the highest state court in a procedurally proper manner so that the state courts are given a fair opportunity to consider and pass upon challenges to a conviction before those issues come to federal court for habeas corpus review. *O'Sullivan v. Boerckel,* 526 U.S. 838, 844-45 (1999). This is so because state courts, "like federal courts, are obliged to enforce federal law." *O'Sullivan,* 526 U.S. at 844. Exhaustion results from the petitioner's pursuit of his claims through state courts either by direct appeal or by post-conviction proceedings. *See Orman v. Cain,* 228 F.3d 616, 620 & n.6 (5th Cir. 2000).

Jones has satisfied the exhaustion requirement for Grounds Two, Three, and Five raised in his federal petition by first giving state courts the opportunity to resolve any constitutional issues. These claims were "adjudicated on the merits in State court proceedings." 28 U.S.C. § 2254(d). Under the AEDPA, when the state court has adjudicated the petitioner's claims on the merits,[8] the federal court reviews mixed questions of law and fact under subsection (d)(1). *Corwin v. Johnson*, 150 F.3d 467, 471 (5th Cir. 1998). Since the exhausted grounds raised in Jones's federal petition involve mixed questions of law and fact, this court's authority to grant habeas relief on these claims is limited to a determination of whether the decisions of the Mississippi Supreme Court "[were] contrary to, or involved an unreasonable application of,

---

[7]*See Neal v. Puckett,* 286 F.3d 230, 235 (5th Cir. 2002).

[8] "On the merits" refers to substantive, rather than procedural, disposition of the case. *Neal v. Puckett,* 286 F.3d 230, 235 (5th Cir. 2002).

clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).

Whether the applicable law is clearly established for purposes of a Section 2254(d)(1) analysis is determined solely by reference to Supreme Court decisions "as of the time of the relevant state-court decision." *Williams v. Taylor,* 529 U.S. 362, 412 (2000). A decision by any other court "even if compelling and well-reasoned, cannot satisfy the clearly established federal law requirement under § 2254(d)(1)." *Salazar v. Dretke,* 419 F.3d 384, 399 (5th Cir. 2005).

The "unreasonable application" inquiry is based on an objective standard, and for purposes of a Section 2254(d)(1) analysis, "unreasonable" does not equate with "incorrect." *Garcia v. Dretke,* 388 F.3d 496, 500 (5th Cir. 2004). The application of clearly-established precedent must be both incorrect and unreasonable for federal habeas relief to be warranted. *Id.* "[A] federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable,"[9] but it is to review only the state court's ultimate conclusion and not the reasoning that was used to reach it. *Neal,* 286 F.3d at 246.

It is by these principles and against the backdrop of exhaustion requirements and substantive determinations that Jones's claims must be viewed–with the added observation that a federal court does not "sit as a 'super' state supreme court" and may decide the issues presented by the habeas petition "only to the extent that federal constitutional issues are implicated." *Smith v. McCotter,* 786 F.2d 697, 700 (5th Cir. 1986). As discussed below, Jones cannot circumvent the bar to federal habeas review by bringing his exhausted claims within the narrow exception set forth in 28 U.S.C. § 2254(d)(1).

---

[9]*Neal,* 286 F.3d at 244 (citing *Williams v. Taylor,* 529 U.S. 362, 409 (2000)).

### Insufficiency of the Evidence

In Ground Five of his petition, Jones claims that the evidence at trial was insufficient to support his conviction and sentence. Specifically, he claims that the statute under which he was convicted, Miss. Code Ann. § 97-3-95(1)(c), provides that a person is guilty of sexual battery if he engages in sexual penetration with a child at least fourteen but under sixteen years of age. *See* Miss. Code Ann. § 97-3-95(1)(c). Jones claims that the only evidence presented to the jury regarding the victim's age was that she was thirteen when she had intercourse with Jones and was thirteen when she learned she was pregnant. He states that he was also indicted under Miss. Code Ann. § 97-3-95(1)(d), which provides that a person is guilty of sexual battery if he engages in sexual penetration with a child under fourteen years of age, and was found not guilty.

Jones raised this ground on direct appeal, and the Mississippi Court of Appeals rejected it on its merits. *See Jones v. State*, 991 So. 2d 629, 635 (Miss. Ct. App. 2008), *r'hrg denied* July 22, 2008, *cert. denied* Oct. 2, 2008. The court held:

> While significant evidence was presented a (sic) trial indicating that Susie[10] was thirteen when Jones impregnated her, we find that both the weight and sufficiency of the evidence were sufficient for the jury to convict Jones of sexual battery of Susie when she was fourteen years old.
>
> According to Susie and portions of her medical records, the baby she conceived with Jones was born on December 27, 1999, at the approximate age of 22 weeks. Thus, the State argued at trial that the baby was conceived on or about July 30, 1999.FN7[11] Susie turned fourteen years old on August 5, 1999. Because of the closeness in time of Susie's fourteenth birthday and the estimated date of conception, approximately a week to ten days, the jury could have found that Susie was fourteen at the time the baby was conceived. Moreover, although a majority of Susie's medical records indicate that the baby was born on December 27, 1999, and Susie herself testified that this was the date of birth, Jones pointed out to the jury the two documents in the records where the dates April 25, 1999,

---

[10]The victim is referred to as "Susie," a fictitious name.

[11]"When referring to July 30, 1999, the State repeatedly preceded the date with 'on or about.' The indictment also says 'on or about July 30, 1999.'" *Jones*, 991 So. 2d at 635 n.7.

and April 25, 2000, had been written over other dates.FN8[12]  He later argued in closing that the dates and the purported 22–week age of the baby were altered in order to make them consistent with July 30, 1999, the date that was argued as the date of conception.  This Court has stated that: 'The jury is charged with the responsibility of weighing and considering conflicting evidence, evaluating the credibility of witnesses, and determining whose testimony should be believed.  The jury has the duty to determine the impeachment value of inconsistencies or contradictions as well as testimonial defects of perception, memory, and sincerity.  It is not for this Court to pass upon the credibility of witnesses and where evidence justifies the verdict it must be accepted as having been found worthy of belief.'  *Ford v. State*, 737 So.2d 424, 425 (¶ 8) (Miss. Ct. App. 1999) (citations omitted).  In this case, the jury could have found that there was at least some uncertainty as to the timing of the baby's conception and chosen to err on the side of caution by convicting Jones of the lesser related crime.FN9[13] . . .

When viewed in the light most favorable to the State, the evidence presented at trial is sufficient to warrant the trial court's denial of Jones's motion for a directed verdict and JNOV. Regarding the motion for a new trial, allowing Jones's conviction to stand would certainly not sanction an unconscionable injustice. It is obvious that the crime of sexual battery was committed against this minor; and the DNA evidence, if believed as it was by the jury, indicates that Jones was the perpetrator. While we, as jurors, might have found that the evidence supported finding Jones guilty of the greater related offense, that of sexual battery of minor under the age of fourteen, we cannot say that a miscarriage of justice resulted from the jury's finding him guilty of the lesser related offense. Thus, we find that both the weight and sufficiency of the evidence were adequate to convict Jones under Mississippi Code Annotated subsection 97–3–95(1)(c), and the trial court did not err in denying Jones's motions for directed verdict, JNOV, or a new trial.

---

[12]

Again, we cannot determine from the copies in the records what space the dates are written in, but the testimony at trial indicated that they were written in the space marked 'EDD' or 'estimated date of delivery.'  We acknowledge that the estimated date of delivery could represent the approximate date Susie would have given birth had the child not been born prematurely.

*Jones*, 991 So. 2d at 635 n.8.

[13]

Subsection 97–3–95(1)(c), under which Jones was convicted, carries with it a sentence of not more than thirty years, while subsection 97–3–95(1)(d), which pertains to sexual battery of child under the age of fourteen, carries with it a potential sentence of life imprisonment.   Therefore, Jones was subject to a less severe sentence than he would have been had the jury found that Susie was thirteen at the time he had sex with her.

*Jones*, 991 So. 2d at 635 n.9.

*Jones*, 991 So. 2d at 635-36.

Jones was indicted and tried for sexual battery under Miss. Code Ann. § 97-3-95(1)(d), or in the alternative Miss. Code Ann. § 97-3-95(1)(c).[14] Miss. Code Ann. § 97-3-95 provides that:

> (1) A person is guilty of sexual battery if he or she engages in sexual penetration with: . . .
> (c) A child at least fourteen (14) but under sixteen (16) years of age, if the person is thirty-six (36) or more months older than the child; or
> (d) A child under the age of fourteen (14) years of age, if the person is twenty-four (24) or more months older than the child.

*See* Miss. Code Ann. § 97-3-95(1)(c)-(d). Jones was convicted of sexual battery under Miss. Code Ann. § 97-3-95(1)(c).[15]

Insufficiency of the evidence can support a claim for habeas relief only if the evidence, when viewed in the light most favorable to the State, is such that no "rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Santellan v. Cockrell*, 271 F.3d 190, 193 (5th Cir. 2001) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)); *see also Dupuy v. Cain*, 201 F.3d 582, 589 (5th Cir. 2000).[16] This standard of review allows the trier of fact to find the evidence sufficient to support a conviction, even if "the facts also support one or more reasonable hypotheses consistent with the defendant's claim of innocence." *Gilley v. Collins*, 968 F.2d 465, 468 (5th Cir. 1992) (citation omitted). Thus, it "preserves the integrity of the trier of fact as the weigher of the evidence." *Bujol v. Cain*, 713 F.2d 112, 115 (5th Cir. 1983).

---

[14]*See* SCR, Vol. 1 [14-2] at 10.

[15]*See* SCR, Vol. 2 [14-3] at 90, 108-09.

[16]This standard of review is applied with "explicit reference to the substantive elements of the criminal offense as defined by state law." *Dupuy*, 201 F.3d at 589 (quoting *Jackson v. Virginia*, 443 U.S. 307, 324 n.16 (1979)).

Moreover, the determination of the sufficiency of the evidence by a state appellate court is entitled to great deference. *See Callins v. Collins*, 998 F.2d 269, 276 (5th Cir. 1993) (citing *Parker v. Procunier*, 763 F.2d 665, 666 (5th Cir. 1985)) ("Where state appellate court has conducted a thoughtful review of the evidence ... its determination is entitled to great deference."); *Gibson v. Collins*, 947 F.2d 780, 782 (5th Cir. 1991) (citing *Porretto v. Stalder*, 834 F.2d 461, 467 (5th Cir. 1987)) (stating that on habeas review, federal court must "give great weight to the state court's determination").

The victim testified that she had sexual intercourse with Jones on several occasions on or about the time period July 30, 1999. The victim testified that her birthday is August 5, 1985; thus, she was thirteen years old on or about July 30, 1999, and turned fourteen on August 5, 1999. The victim testified that she gave birth to a still-born premature baby on December 27, 1999, with an estimated gestation age of 22 weeks. The victim testified that she continued to have sex with Jones up until the time she delivered her baby.[17]

The victim testified that after she learned she was pregnant, she told Jones and he gave her $500 to get an abortion, which she did not do. She also testified that he said he would pay her if she did not come back to Mississippi to testify against him, and in fact sent her money. *Id.*

According to the testimony of Huma Nasir, the State's expert in forensic DNA analysis, and Dr. Megan Shaffer, based on DNA samples taken from the victim's blood, Jones's blood, and the baby's tissue from a slide kept by the hospital where the victim gave birth, Jones was not excluded as the father and there was a 99.97% probability that he was the father of the victim's baby.[18] Dr. Shaffer testified that "in her scientific opinion with a high degree of certainty [Jones]

---

[17]*See* SCR, Vol. 4 [14-5] at 150-51; SCR, Vol. 5 [14-6] at 2-14.

[18]*See* SCR, Vol. 5 [14-6] at 78-133.

is the father of the child."[19]

Kevin Jackson, a Lieutenant with the Laurel Police Department, testified that a search of his official records revealed that Jones's birthdate is March 1, 1961.[20] Moreover, during the trial on May 18, 2006, after the jury's verdict, Jones indicated in a statement that he was 45 years old.[21] Accordingly, Jones is at least 36 months older than the victim.

Viewing the evidence in the light most favorable to the State, this court cannot conclude that no "rational trier of fact could have found the essential elements of [sexual battery under Miss. Code Ann. § 97-3-95(1)(c)] beyond a reasonable doubt." *See Santellan*, 271 F.3d at 193 (quoting *Jackson*, 443 U.S. at 319). Accordingly, the court finds that the Mississippi Supreme Court's decision was not contrary to or an unreasonable application of clearly established federal law, and habeas relief on this claim must be denied.

## Ineffective Assistance of Trial and Appellate Counsel

### *Ground Two - Ineffective Trial Counsel*

In Ground Two of his petition, Jones claims that his trial counsel was ineffective. Specifically, Jones alleges the following deficiencies by trial counsel: A. Counsel failed to conduct an adequate pre-trial investigation into the controlling laws and facts; B. Counsel failed to make contemporaneous objections (regarding the dismissed juror and DNA testimony); C. Counsel failed to submit proper and acceptable jury instructions; D. Counsel failed to object to an obvious duplicitous indictment; and E. Counsel failed to issue a subpoena for an expert witness who had a conflicting schedule.

---

[19]*Id.* at 129.

[20]*Id.* at 75.

[21]*See* SCR, Vol. 6 [14-7] at 52.

Jones raised these issues in his PCR, and the Mississippi Supreme Court rejected them on

their merits, holding that

> Jones fail[ed] to specifically allege facts to support the assertion and fail[ed] to
> demonstrate that but for counsel's deficient performance the results of the trial
> would have been different. A defendant must demonstrate that his counsel's
> performance was deficient *and* that the deficiency prejudiced the defense of the
> case. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

*See* "Miscellaneous Pleadings" [14-12] at 2; Ex. B to Answer [13-2].

Given that an ineffective assistance of counsel claim presented for habeas review

presents a mixed question of law and fact,[22] and that *Strickland v. Washington* is the "clearly

established Federal law" which governs such claims, the Section 2254(d)(1) issue in this case is

"whether the Mississippi Supreme Court's decision to reject [Jones's ] ineffective assistance

claim[s] 'involved an unreasonable application' (and not merely an incorrect application) of

*Strickland.*" *Neal,* 286 F.3d at 235-36.

It was in *Strickland* that the United States Supreme Court defined the standard by which

an ineffective assistance of counsel claim in a habeas proceeding is to be measured: Jones must

show that his "counsel's performance was deficient" and that "the deficient performance

prejudiced the defense." *Strickland*, 466 U.S. at 687; *see also Motley v. Collins,* 18 F.3d 1223,

1226 (5th Cir. 1994) (stating that satisfaction of the standard requires a showing that counsel's

acts "fell below an objective standard of reasonableness"). "To meet the prejudice prong of the

*Strickland* test, the defendant may not simply allege but must 'affirmatively prove' prejudice."

*Bonvillain v. Blackburn*, 780 F.2d 1248, 1253 (5th Cir. 1986) (citing *Celestine v. Blackburn*, 750

F.2d 353, 356 (5th Cir. 1984)). Further, Jones must not only prove that the outcome of his trial

would have been different "but for counsel's alleged errors," but must also prove that "'the result

---

[22]*Nixon v. Epps,* 405 F.3d 318, 324 (5th Cir. 2005).

of the proceedings was fundamentally unfair or unreliable.'" *Vuong v. Scott*, 62 F.3d 673, 685 (5th Cir. 1995) (quoting *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993)).

Jones first claims, in Ground Two A, that his trial counsel failed to conduct an adequate pre-trial investigation into the controlling laws and facts. Specifically, Jones claims his trial counsel should have raised the applicable statute of limitations to bar his prosecution, should have further investigated the DNA evidence, and should have taken the appropriate actions when the State failed to provide discovery.

Trial counsel has a duty to conduct a "reasonable amount" of pretrial investigation. *Bower v. Quarterman*, 497 F.3d 459, 467 (5th Cir. 2007), *cert. denied*, 128 S. Ct. 2051 (2008). But counsel "is not required to pursue every path until it bears fruit or until all conceivable hope withers." *Washington v. Watkins*, 655 F.2d 1346, 1356 (5th Cir. 1981) (citation omitted). As the Fifth Circuit has cautioned, courts "must be particularly wary of 'argument[s] [that] essentially come[ ] down to a matter of degrees. Did counsel investigate enough? Did counsel present enough mitigating evidence? Those questions are even less susceptible to judicial second-guessing." *Dowthitt v. Johnson*, 230 F.3d 733, 743 (5th Cir. 2000) (citing *Kitchens v. Johnson*, 190 F.3d 698, 703 (5th Cir. 1999)) (brackets in original).

Jones's conviction was not barred by a two-year statute of limitations. Miss Code Ann. § 99-1-5 provides that "A person shall not be prosecuted for any offense, with the exception of murder, manslaughter, . . . sexual battery of a child as described in Section 97–3–95(1)(c), (d) or (2) . . . unless the prosecution for such offense be commenced within two (2) years next after the commission thereof . . . ." Miss Code Ann. § 99-1-5 (as amended eff. July 1, 2004).[23] Jones was

---

[23] *See* Act of May 13, 2004, No. 539, § 1, 2004 Miss. Laws Ch. 539 (S.B. 2265). This is the version of the statute effective at the time Jones was indicted (November 1, 2005) and convicted (May 18, 2006). *See* SCR Vol. 1 [14-2] at 10. The version of the statute in effect at the time of the alleged crime (on or about July 30, 1999), is substantially similar to the 2004

convicted under § 97-3-95(1)(c), which is listed as a specific exception; thus, his conviction was not subject to the two-year statute of limitation set forth in Miss. Code Ann. § 99-1-5. Accordingly, Jones's trial counsel's failure to raise this meritless issue was not deficient.

Jones next argues his trial counsel failed to confront and evaluate the DNA evidence. Jones argues that while his trial counsel moved for funds to hire an independent DNA expert, the motion was denied because it was procedurally deficient and untimely.[24] Even assuming Jones' trial counsel was deficient in failing to properly move for funds to secure a DNA expert, Jones has failed to affirmatively prove that the outcome of his trial would have been different but for counsel's alleged errors. *See Bonvillain*, 780 F.2d at 1253.

Jones claims his trial counsel should have obtained exculpatory and impeachment DNA evidence. Specifically, Jones argues that his trial counsel should have obtained the drinking cups and cans allegedly used by Jones that the State used for DNA testing. The record reflects that Jones's trial counsel cross-examined the State's DNA expert and other witnesses about the DNA collected and tested in this case, moved for funds to hire an independent DNA expert, and moved to suppress the DNA results.[25] Once again assuming Jones's counsel was deficient, Jones

---

version, but also provides that "Any prosecutions for . . . sexual battery of a child as described in Section 97–3–95(c) . . . shall be commenced on or before the child's twenty-first birthday." *See* Miss. Code Ann. § 99-1-5 (as amended eff. July 1, 1998); 1998 Reg. Sess., 1998 Miss. Laws Ch. 582 (S.B. 2650). Assuming the 1998 version is applicable, Jones's prosecution still would not be barred, as he was indicted and convicted prior to the victim's twenty-first birthday; the victim turned twenty-one on August 5, 2006. *See* SCR Vol. [14-5] at 150.

The statute has since been amended. *See* Act of May 12, 2008, No. 530, § 1, 2008 Miss. Laws Ch. 530 (S.B. 2817); Act of March 15, 2010, No. 358, § 1, 2010 Miss. Laws Ch. 358 (H.B. 607); General Burks Law, 2012 Miss. Laws WL 65 (S.B. 2539).

[24]*See* SCR, Vol. 3 [14-4] at 153-59; SCR, Vol. 4 [14-5] at 2-28.

[25]*See* SCR, Vol. 5 [14-6] at 28-29 (cross-examination of Lori Kennedy), 39-44 (cross-examination of Nancy Clark), 53-57 (cross-examination of John Cox), 70-73 (cross-examination of Wayne Black), 77-78 (cross-examination of Kevin Jackson), 106-18 (cross-examination of

has failed to affirmatively prove that he was prejudiced by counsel's deficient performance.[26] *See Strickland*, 466 U.S. at 687; *Bonvillain*, 780 F.2d at 1253; *Baldwin v. Maggio*, 704 F.2d 1325, 1333 (5th Cir. 1983) (citations omitted).

Jones argues that his trial counsel failed to protect his rights when the State failed to provide discovery and the trial court failed to take any action. However, with the exception of the alleged exculpatory DNA evidence discussed above, Jones fails to specify what his counsel should have done or how his alleged failure prejudiced his defense. Jones's trial counsel requested discovery and filed a motion to compel discovery. The motion to compel was denied, as the State represented to the trial judge that Jones had everything (discovery) the State had in its possession. The trial judge told Jones's trial counsel he could go the district attorney's office and review his discovery file to confirm he had everything the State had.[27] Jones's argument that his counsel failed to conduct an adequate pre-trial investigation is without merit.

In Ground Two B, Jones claims that his trial counsel failed to make contemporaneous objections regarding the dismissed juror (Dantzler) and DNA testimony. The following excerpt from the Mississippi Court of Appeals' decision provides the factual background regarding the dismissed juror:[28]

---

DNA expert, Huma Nasir), 130-32 (cross-examination of Megan Shaffer); SCR, Vol. 4 [14-5] at 2-28, 69-73, 86-89, 139-48 (cross-examination of Captain Tyrone Stewart); SCR, Vol. 3 [14-4] at 127-39, 153-59. The motion for funds to hire an independent DNA expert and to suppress the DNA results were ultimately denied. *See* SCR, Vol. 3 [14-4] at 127-39, 153-59; SCR, Vol. 4 [14-5] at 2-28.

[26]The court notes that Dr. Megan Shaffer, an employee of Reliagene Technologies, testified that the DNA profile obtained from the drinking cup and the soda can were the same as that obtained from Jones's sample. *See* SCR, Vol. 5 [14-6] at 132-33.

[27]*See* SCR, Vol. 1 [14-2] at 104-10, 137-40; SCR ,Vol. 4 [14-5] at 117-20.

[28]Jones argued on direct appeal that the trial court erred in dismissing a juror and replacing her with an alternate juror. The Mississippi Court of Appeals held that Jones's

[D]uring a recess, Juror Faye Jackson[29] was questioned in chambers regarding an incident involving the jury. She stated that, the day before, she was walking outside of the courthouse and heard a group of individuals "rejoicing" the fact that Willie Bell Dantzler was on the jury. According to Jackson, the individuals stated that with Dantzler on the jury they had a chance to "hang the jury." The State asked the trial court to replace Dantzler with an alternate juror of the same race, African American. Jones's attorney then advised the trial court that Jones would not testify and would not offer any witnesses. Jackson was then questioned again under oath. Jackson stated that she had no indication that Dantzler had been in communication with any of the individuals who were happy that she was on the jury. The trial court then dismissed Dantzler as a juror and replaced her with an African American alternate juror. Jones's counsel asked the trial judge if he could question Jackson, but the judge did not allow him to do so. Jones's counsel did not object to Dantzler's being removed from the jury.

*Jones*, 991 So. 2d at 632-33; *see also* SCR, Vol. 5 [14-6] at 135-46; SCR, Vol. 6 [14-7] at 7-19.

Jones's counsel expressed his concerns to the judge regarding the dismissed juror and cross-examined Faye Jackson regarding the incident above. The trial judge took precautions to ensure an impartial jury.[30] Jones has failed to show that any objections by his trial counsel were warranted or that he was prejudiced by his counsel's alleged deficiencies.

Jones has also failed to show that his counsel was deficient in failing to make contemporaneous objections regarding the DNA evidence. Jones claims that his counsel should have objected to the testimony regarding DNA evidence since no DNA report or materials were entered into evidence at trial. As set forth above, Jones's trial counsel cross-examined the State's DNA expert and other witnesses about the DNA collected and tested in this case, moved for funds to hire an independent DNA expert, and moved to suppress the DNA results. Jones has

---

assignment of error was procedurally barred for his counsel's failure to make a contemporaneous objection. *Jones v. State*, 991 So. 2d 629, 631, 636 (Miss. Ct. App. 2008).

[29]The court notes that Faye Jackson may have been a prospective juror, but was not ultimately chosen as a juror or alternate juror, as evidenced by the jury poll. *See* SCR, Vol. 6 [14-7] at 48. Ms. Jackson testified, in chambers, that she was married to Kevin Jackson, a lieutenant with the Laurel Police Department and one of the State's witnesses. *Id.* at 12.

[30]*See* SCR, Vol. 5 [14-6] at 135-46; SCR, Vol. 6 [14-7] at 7-19.

failed to show that any further objections were warranted.

In Ground Two C, Jones claims that his trial counsel failed to submit proper and acceptable jury instructions, which impaired his defense. Jones fails to identify what jury instructions were improper or what instructions his counsel should have submitted. Several jury instructions submitted by Jones's trial counsel were given, including instructions regarding circumstantial evidence, DNA as circumstantial evidence, and Jones's right not to testify.[31]

In Ground Two D, Jones claims that his trial counsel failed to object to an "obvious duplicitous" indictment. As set forth above, Jones was indicted and tried for sexual battery under Miss. Code Ann. § 97-3-95(1)(d), or in the alternative Miss. Code Ann. § 97-3-95(1)(c).[32] Jones was convicted of sexual battery under Miss. Code Ann. § 97-3-95(1)(c), which is a lesser crime than subsection (d).[33] Jones's attorney did file a motion to dismiss the indictment and a motion to quash the indictment, but they were not based on the grounds that the indictment was duplicitous.[34] The motions were denied.[35] Jones's *pro se* motions to dismiss the indictment were also denied.[36] The purpose of an indictment is to "fully notify the defendant of the nature and cause of the accusation." Uniform Rules of Circuit & County Court ("URCCC") 7.06; *see also Starns v. State*, 867 So. 2d 227, 232 (Miss. 2003), *reh'g denied* (Mar. 18, 2004) (citing U.S.

---

[31]*See* SCR, Vol. 2 [14-3] at 82-84.

[32]*See* SCR, Vol. 1 [14-2] at 10.

[33]*See* SCR, Vol. 2 [14-3] at 90, 108-09; SCR, Vol. 3 [14-4] at 125-26.

[34]The motions were based on an alleged violation of Uniform Circuit & County Court Rule 1.10 (prohibiting earwigging) and because there was allegedly an unauthorized person present in the grand jury room when Jones was indicted. *See* SCR, Vol. 1 [14-2] at 133-36, 142-44.

[35]*Id.*

[36]*See* SCR, Vol. 2 [14-3] at 24-26, 31-35; SCR, Vol. 3 [14-4] at 133-34.

Const. Amend. V; Miss. Const. art. 3, § 26). The indictment properly and adequately informed Jones of the crimes for which he was charged. Jones has failed to show any deficiency of his trial counsel in this regard.

In Ground Two E, Jones claims that his trial counsel failed to issue a subpoena for an expert witness who had a conflicting schedule. "Complaints of uncalled witnesses are not favored, because the presentation of testimonial evidence is a matter of trial strategy and because allegations of what a witness would have testified are largely speculative." *Graves v. Cockrell*, 351 F.3d 143, 156 (5th Cir. 2003), *cert. denied*, 541 U.S. 1057 (2004) (quoting *Buckelew v. U.S.*, 575 F.2d 515, 521 (5th Cir. 1978)). Thus, in order to prevail on an ineffective assistance of counsel claim based on counsel's failure to call a witness, the petitioner must name the witness, demonstrate that he or she was available to testify and would have done so, set out the content of the witness's proposed testimony, and show that the testimony would have been favorable to a particular defense. *Day v. Quarterman*, 566 F.3d 527, 538 (5th Cir. 2009) (citing *Alexander v. McCotter*, 775 F.2d 595, 602 (5th Cir. 1985)).

Jones's trial counsel moved for funds to hire an independent DNA expert and for a continuance based on the fact that the proposed expert would be out of the country until a few weeks after the trial was scheduled to begin. The motions were denied.[37] While Jones claims that "the testimony of an expert for the defense would have proven Petitioner's theory true,"[38] he fails to identify the "theory" or to set out the content of the witness's proposed testimony, and fails to show that the testimony would have been favorable to his defense. Accordingly, this issue is without merit.

---

[37]*See* SCR, Vol. 3 [14-4] at 153-59; SCR, Vol. 4 [14-5] at 2-28.

[38]*See* Petition [1] at 9.

Jones makes references to the fact that his trial counsel tried to withdraw, and thus, did not want to represent him and did not care about his defense. The court notes that Jones's trial counsel did move to withdraw from representing him based on the fact that he thought he may be called as a witness at trial.[39] The court denied the motion.[40] However, due to his trial counsel's motion to withdraw and Jones's apparent dissatisfaction with his counsel, the trial court appointed the public defender's office to assist in Jones's defense and be present for all court hearings.[41]

Based on the foregoing, this court cannot conclude that Jones's trial counsel's alleged failures constituted deficient performance or resulted in prejudice to Jones. *See Lockhart*, 506 U.S. at 368-70 (emphasizing that the "Sixth Amendment right to counsel exists in order to protect the fundamental right to a fair trial" and that "the touchstone of an ineffective-assistance claim is the fairness of the adversary proceeding") (internal quotations and citations omitted); *see also Miller v. Johnson,* 200 F.3d 274, 282 (5th Cir. 2000).[42] Given the deferential standards that apply, the Mississippi Supreme Court's rejection of Jones's ineffective assistance of counsel claims does not involve an objectively unreasonable application of *Strickland* to the facts of his case. *See Neal,* 286 F.3d at 247 (affirming denial of petition). Therefore, Jones is not entitled to habeas relief on this ground.

---

[39]*See* SCR, Vol. 2 [14-3] at 39-51; SCR, Vol. 3 [14-4] at 103-17. Jones's trial counsel thought he may be called as a witness at trial regarding a statement by the victim about Jones. *Id.*

[40]*See* SCR, Vol. 2 [14-3] at 108, 131-35, 137.

[41]*See* SCR, Vol. 3 [14-4] at 105-08, 150-51.

[42] "In the absence of a specific showing of how these alleged errors and omissions were constitutionally deficient, and how they prejudiced his right to a fair trial, we can find no merit to these claims." *Id.* (internal alterations and citation omitted).

*Ground Three - Ineffective Appellate Counsel*

In Ground Three, Jones claims that his appellate counsel was ineffective. Specifically, Jones alleges the following deficiencies by appellate counsel: A. Counsel failed to conduct a proper examination of the record thereby limiting the availability of a legal argument on the merits of the case; B. Counsel failed to conduct proper research of the law and failed to marshal the facts and circumstances; C. Counsel failed to attack the conviction and sentence with zeal, which limited the effectiveness of the appeal; D. Counsel failed to file the notice of appeal, designation of record and other requirements of beginning the appeal process, to the extent that Petitioner had to file these documents himself; and E. Counsel failed to raise the following issues on direct appeal: 1. Denial of expert assistance; 2. Prosecution time bar; 3. Insufficient and unconstitutional indictment; 4. Double jeopardy and/or duplicity; 5. Denial of discovery; 6. Conviction on a nonunanimous [sic] verdict; 7. Denial of a fair trial; 8. Ineffectiveness of trial counsel; and 9. Trial court erred in failing to grant JNOV. Jones raised these issues in his PCR, and the Mississippi Supreme Court rejected them on their merits.[43]

The right to effective assistance of counsel is not confined to trial, but extends to the first appeal as of right. *Evitts v. Lucey*, 469 U.S. 387, 396 (1985). Claims of ineffective assistance of counsel on appeal are assessed under the same two-prong test established in *Strickland* for evaluating claims of ineffective assistance of trial counsel. *See Evitts v. Lucey*, 469 U.S. 387, 397-99 (1985); *Moawad v. Anderson*, 143 F.3d 942, 946 (5th Cir. 1998); *Williams v. Collins*, 16 F.3d 626, 635 (5th Cir. 1994)). The U.S. Supreme Court has recognized the value in appellate counsel examining the record and selecting the most promising issues for appellate review, and the Court has noted that experienced attorneys know the importance of focusing on their

---

[43]*See* "Miscellaneous Pleadings" [14-12] at 2; Ex. B to Answer [13-2].

strongest arguments on appeal. *Jones v. Barnes*, 463 U.S. 745, 751-52 (1985). Thus, appellate

counsel has no duty to raise every colorable claim on appeal. *Id.* at 754. Moreover, in order to

establish a claim for ineffective assistance of counsel, a petitioner must show a reasonable

probability that but for appellate counsel's failure to raise an issue, he would have prevailed on

appeal. *See Sharp v. Puckett*, 930 F.2d 450, 453 (5th Cir. 1991) (citing *Strickland*, 466 U.S. at

694).

In Ground Three A, B, and C, Jones claims his appellate counsel was ineffective in that

he "failed to conduct a proper examination of the record thereby limiting the availability of a

legal argument on the merits of the case," "failed to conduct proper research of the law and

failed to marshall the facts and circumstances," and "failed to attack the conviction and sentence

with zeal, which limited the effectiveness of the appeal."[44] *See* Petition [1] at 10. These issues

are general and conclusory in nature, and fail to meet the *Strickland* standard.

In Ground Three E, Jones claims his appellate counsel was ineffective for failing to raise

the following issues on direct appeal: 1. denial of expert assistance; 2. prosecution time bar; 3.

insufficient and unconstitutional indictment; 4. double jeopardy and/or duplicity; 5. denial of

discovery; 6. conviction on a non-unanimous verdict; 7. denial of a fair trial; 8. ineffectiveness of

trial counsel; and 9. that the trial court erred in failing to grant his motion for JNOV. *See*

Petition [1] at 11.[45] Jones's  appellate counsel raised the grounds she apparently felt were the

strongest. As state above, appellate counsel has no duty to raise every colorable claim on appeal.

*Jones v. Barnes*, 463 U.S. 745, 754 (1985). Moreover, with the exception of the three issues

_____

[44]Jones was appointed new counsel on appeal.

[45]The court notes that Jones filed a motion for leave to file a supplemental appellant's brief, *pro se*, wherein he raised several of these issues, and the motion was denied. *See* "Briefs and Other Pleadings," Vol. 4 [14-11] at 35-40.

discussed below, these claims are discussed above in the context of Jones's trial counsel's failure to raise said issues, and were found to be without merit.

Jones's argument that the verdict was not unanimous is without merit. The judge polled the jury after the verdict was read into the record, and all twelve jurors confirmed that they found Jones guilty of sexual battery under Miss. Code Ann. § 97-3-95(1)(c).[46] Thus, his appellate counsel was not deficient for failing to raise it. Jones's claim that his appellate counsel was deficient for failing to raise the issue that the trial court erred in failing to grant his motion for JNOV is also without merit. Regardless of whether appellate counsel raised this specific claim,[47] the Mississippi Court of Appeals considered this claim on its merits, thus, Jones suffered no prejudice. *See Jones v. State*, 991 So. 2d 629, 633-34. Finally, Jones has failed to show his appellate counsel was deficient in failing to assert he was denied a fair trial on appeal, and has failed to show the outcome of his trial would have been different but for the deficiency. As discussed above under Ground Five, Jones's conviction was supported by sufficient evidence.

In Ground Three D, Jones claims his appellate counsel was ineffective for failing to file the notice of appeal, designation of record, "and other requirements of beginning the appeal process, to the extent that Petitioner had to proceed on these documents himself." *See* Petition [1] at 10. Plaintiff filed a notice of appeal, *pro se*, on July 21, 2006, and filed his *pro se* designation of the record on August 4, 2006.[48] He was appointed appellate counsel by the trial

---

[46]*See* SCR, Vol. 6 [14-7] at 48-49.

[47]Jones's appellate counsel raised the issue that the trial court erred in failing to grant his motion for a directed verdict and that the verdict was contrary to the weight of the evidence. *See* "Briefs and Other Pleadings," Vol. 1 [14-8] at 1-24.

[48]*See* SCR, Vol. 2 [14-3] at 117-18, 122-24.

court on November 3, 2006.[49]  Appellate counsel filed an appellant's brief and designation of record on Jones's behalf on April 25, 2007.[50]

It is unclear why the appointment of appellate counsel was delayed.  However, Jones suffered no prejudice by filing his notice of appeal and designation of the record *pro se.*  A thorough appellant's brief and designation of the record were filed by counsel on his behalf, and the brief was considered by the court of appeals on its merits.

Based on the foregoing, this court cannot conclude that Jones's appellate counsel's alleged failures constituted deficient performance or resulted in prejudice to Jones, or that the Mississippi Supreme Court's rejection of Jones's ineffective assistance of counsel claims involved an objectively unreasonable application of *Strickland* to the facts of his case.  *See Neal,* 286 F.3d at 247 (affirming denial of petition).  Therefore, Jones is not entitled to habeas relief on this ground.

### Independent and Adequate State Bar

Grounds One, Four, Six, Seven and Eight are procedurally barred.  Jones raised these grounds in his PCR and the Mississippi Supreme Court denied the application finding that these claims were "procedurally barred where the claims should have been raised on direct appeal."[51]

A federal court cannot in the habeas context "review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment....This rule applies whether the state law ground is substantive or procedural."  *Coleman v. Thompson,* 501 U.S. 722, 729 (1991) (citations

---

[49]*See* SCR, Vol. 2 [14-3] at 141.

[50]*See* "Briefs and Other Pleadings," Vol. 1 [14-8] at 2-24, 40-64.

[51]*See* "Miscellaneous Pleadings" [14-12] at 2; Ex. B to Answer [13-2].

omitted).  Were it otherwise, "a federal district court would be able to do in habeas what [the Supreme Court] could not do on direct review; habeas would offer state prisoners whose custody was supported by independent and adequate state grounds an end run around the limits of the Court's jurisdiction and a means to undermine the State's interest in enforcing its laws." *Id.* at 730-31.

The independent and adequate state ground doctrine "applies to bar federal habeas when a state court declined to address a prisoner's federal claims because the prisoner had failed to meet a state procedural requirement.  In these cases, the state judgment rests on independent and adequate state procedural grounds." *Id.* at 729-30.  Concerns that "the States should have the first opportunity to address and correct alleged violations of state prisoner's federal rights" and that "the federal and state 'courts [are] equally bound to guard and protect rights secured by the Constitution'" are concerns that "apply to federal claims that have been procedurally defaulted in state court." *Id*. at 731 (citations omitted).  However, the independent and adequate state ground doctrine "ensures that the States' interest in correcting their own mistakes is respected in all federal habeas cases." *Id*. at 732.

If "a state court declines to hear a prisoner's...claims because the prisoner failed to fulfill a state procedural requirement, federal habeas is generally barred if the state procedural rule is independent and adequate to support the judgment." *Sayre v. Anderson,* 238 F.3d 631, 634 (5th Cir. 2001).  When the state court "clearly and expressly states that its judgment rests on a state procedural bar, a presumption arises that the state court decision rests on independent and adequate state law grounds." *Pitts v. Anderson,* 122 F.3d 275, 279 (5th Cir. 1997).  The petitioner may overcome this presumption by establishing that the "the state did not strictly or regularly follow a procedural bar around the time of his direct appeal" and that "the state has failed to apply the procedural bar rule to claims identical or similar to those raised by the

petitioner himself." *Stokes v. Anderson*, 123 F.3d 858, 860 (5th Cir. 1997).

Jones claims that the state court has failed to apply the procedural bar rule to claims identical and/or similar to those raised in his PCR. *See* Traverse [17] at 3. However, Jones has failed to make the requisite showing that Mississippi did not strictly or regularly follow the procedural bar discussed above. The Mississippi Supreme Court held that the claims were "procedurally barred where the claims should have been raised on direct appeal." Although the court did not cite to Miss. Code Ann. § 99-39-21(1), this statute essentially says the same thing.[52] The Fifth Circuit has recognized that § 99-39-21(1) is an independent and adequate state procedural bar. *See Stokes v. Anderson*, 123 F.3d 858, 860-61 (5th Cir. 1997). Thus, this court concludes that Jones's failure to comply with Mississippi's procedural rules acted as independent and adequate grounds for the Mississippi Supreme Court's decision and precludes habeas consideration of the barred claims.

Where a habeas claim is procedurally barred, it may be considered on the merits by a federal court under two narrow exceptions: "cause and actual prejudice" or "fundamental miscarriage of justice." *See Bagwell v. Dretke,* 372 F.3d 748, 755 (5th Cir. 2004), *cert. denied*, 543 U.S. 989 (2004); *see also Coleman v. Thompson,* 501 U.S. 722, 750 (1991) (making this rule "explicit"). To prove cause sufficient to excuse default, Jones must establish that some external impediment prevented him from raising the defaulted claims: "'Cause' under the cause and prejudice test must be something *external* to the petitioner, something that cannot fairly be

---

[52] Failure by a prisoner to raise objections, defenses, claims, questions, issues or errors either in fact or law which were capable of determination at trial and/or on direct appeal, regardless of whether such are based on the laws and the Constitution of the state of Mississippi or of the United States, shall constitute a waiver thereof and shall be procedurally barred, but the court may upon a showing of cause and actual prejudice grant relief from the waiver.

Miss. Code Ann. § 99-39-21(1).

attributed to him." *Coleman,* 501 U.S. at 753. Examples of external factors include "interference by officials" and "a showing that the factual or legal basis for a claim was not reasonably available" to petitioner. *McCleskey v. Zant*, 499 U.S. 467, 493-94 (1991).

Jones raises ineffective assistance of counsel as cause for his procedural default. *See* Traverse [17]. As a general matter, "[a]ttorney ignorance or inadvertence is not 'cause' because the attorney is the petitioner's agent when acting, or failing to act, in furtherance of the litigation, and the petitioner must 'bear the risk of attorney error.'" *Coleman*, 501 U.S. at 753 (citations omitted).[53] However, where attorney error constitutes ineffective assistance of counsel under the test of *Strickland v. Washington*, 466 U.S. 668 (1984) and is therefore an "independent constitutional violation," it is "cause" sufficient to excuse default. *Id.* at 754, 755. In *Murray v. Carrier*, 477 U.S. 478, 489 (1986), the U.S. Supreme Court held that before a claim of ineffective assistance of counsel can be used to establish cause to excuse a procedural default, it must be exhausted - *i.e.*, it must be presented as an independent Sixth Amendment claim to the highest state court in a procedurally proper manner. The Court reaffirmed this holding in *Edwards v. Carpenter*, 529 U.S. 446, 462 (2000).

Jones did raise ineffective assistance of trial and appellate counsel in his PCR, and specifically claimed his appellate counsel was ineffective for failing to raise the claims that the appellate court found to be procedurally barred.[54] However, as addressed above under Grounds

_____

[53]The U.S. Supreme Court recently qualified the *Coleman* decision "by recognizing a narrow exception: Inadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." *Martinez v. Ryan*, 132 S. Ct. 1309, 1315 (2012). The *Martinez* exception is inapplicable to Jones's petition. The Mississippi Supreme Court did not find that his ineffective assistance claims were procedurally barred; it reviewed the claims on their merits. *See* Ex. B to Answer [13-2].

[54]*See* "Miscellaneous Pleadings" [14-12] at 4-59.

Two and Three, Jones's appellate counsel's failure to raise the claims argued in Grounds One, Four, Six, Seven and Eight, which the Mississippi Supreme Court found to be procedurally barred, did not constitute ineffective assistance of counsel under *Strickland*. Accordingly, the alleged attorney error is not cause sufficient to excuse default. *See Coleman*, 501 U.S. at 752; *Murray*, 477 U.S. at 488. Moreover, Jones has failed to show that any external impediment prevented him from raising the defaulted claims. *Coleman,* 501 U.S. at 753; *Murray*, 477 U.S. at 489.

With Jones having failed to establish cause, this court need not consider "actual prejudice." *Saahir v. Collins,* 956 F.2d 115, 118 (5th Cir. 1992). In addition, Jones cannot establish that failure of this court to consider his defaulted claims would result in a "fundamental miscarriage of justice." The fundamental miscarriage of justice exception is even more circumscribed than the cause and prejudice exception and is confined to cases of actual innocence, "where the petitioner shows, as a factual matter, that he did not commit the crime of conviction." *Fairman v. Anderson*, 188 F.3d 635, 644 (5th Cir. 1999) (citing *Ward v. Cain*, 53 F.3d 106, 108 (5th Cir. 1995)). To meet this exception, Jones must support his allegations with "new, reliable evidence that was not presented at trial" and must show that it was "more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Id.* (citations omitted); *see also Schlup v. Delo*, 513 U.S. 298, 324, 327 (1995). Such evidence includes "exculpatory scientific evidence, credible declarations of guilt by another, trustworthy eyewitness accounts, and certain physical evidence." *Fairman*, 188 F.3d at 644.

Jones claims he is actually innocent of the crime for which he was convicted. However, he has failed to present the court with "new, reliable evidence that was not presented at trial" and has failed to show that it was "more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Fairman*, 188 F.3d at 644 (citing *Ward*, 53 F.3d at

108).  As set forth above under Ground Five, there was sufficient evidence to support Jones's conviction.

Accordingly, Jones has failed to establish that either exception applies, and this court is barred from reviewing the procedurally barred claims raised in Grounds One, Four, Six, Seven and Eight of his federal petition.

## RECOMMENDATION

For the reasons stated above, it is the recommendation of this court that the relief sought in Jones's  Petition for Writ of Habeas Corpus [1] be denied and that the petition be dismissed with prejudice.  The undersigned further recommends that Petitioner's requests for an evidentiary hearing should be denied.

## NOTICE OF RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party.  The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions.  The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected.  *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).[55]

---

[55]*Douglass* referred to the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that

This the 25th day of June, 2012.

                                        s/ Michael T. Parker
                                        _____
                                        United States Magistrate Judge

---

period to fourteen days.