IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

JOSEPH GLENN JONES, #118373

VS.                                                         CIVIL ACTION NO. 2:09cv177 KS-MTP

RONALD KING, ET AL

ORDER ACCEPTING MAGISTRATE JUDGE'S RECOMMENDATION
AND DISMISSING CASE WITH PREJUDICE, ETC.

This cause is before the Court on pro se Petition of Joseph Glenn Jones, #118373 filed pursuant to 28 U.S.C. § 2254 [1]. The Court has considered the submissions of the parties, the record of the state court proceedings, the applicable law and the Report and Recommendation filed by Magistrate Judge Michael T. Parker [29], and Petitioner's Objections [33], does hereby find as follows, to-wit:

1. PROCEDURAL HISTORY

On May 18, 2006, Joseph Glenn Jones was convicted in the Circuit Court of Jones County, Mississippi of sexual battery of a child in violation of Miss. Code Ann. § 97-3-95(1)(c).[1] Jones was sentenced to a term of thirty years imprisonment, with fifteen years suspended and fifteen to serve.[2] Jones filed a direct appeal of his conviction and sentence to the Mississippi Supreme Court based on the following grounds: 1) whether the conviction was contrary to the

---

[1] *See* State Court Record, Vol. 2 of 6 [14-3] at 90, 108-09. The State Court Record is cited hereafter as "SCR Vol. 2 [14-3] at __." The document number (i.e., [14-3]) and page numbers cited to herein refer to those assigned by the docketing clerk of this court, and not the state court.

[2] *See* SCR Vol. 2 [14-3] at 108-09.

1

weight of the evidence; and 2) whether the trial court erred in dismissing a juror.³ On April 15, 2008, the Mississippi Court of Appeals affirmed Jones's conviction and sentence in a written opinion. *See Jones v. State*, 991 So. 2d 629 (Miss. Ct. App. 2008); Ex. A to Answer [13-2]. Jones's motion for rehearing was denied on July 22, 2008, and his petition for writ of certiorari was denied by the Mississippi Supreme Court on October 2, 2008. *Id.*

On or about March 17, 2009,⁴ Jones sought leave from the Mississippi Supreme Court to file his Petition for Post-Conviction Collateral Relief ⁵ (hereinafter "PCR") in which he asserted the following grounds (as stated by Petitioner):

Ground One:  Ineffective assistance of counsel at trial.
    A.    Inadequate pre-trial investigation into controlling law and facts.
    B.    Failure to raise a statute of limitations defense.
    C.    Failure to obtain DNA expert and to timely and properly make a motion for funds for an expert.
    D.    Failure to conduct pre-trial interviews of state's witnesses.
    E.    Failed to present exculpatory or impeachment evidence, failed to call defense witnesses.
    F.    Failed to make contemporaneous objections [regarding removal of juror].
    G.    Failed to object to testimony of evidence not submitted at trial [regarding DNA evidence].
    H.    Failed to submit any acceptable jury instructions.
    I.    Failed to object to obvious duplicitas [sic] indictment.
    J.    Failed to issue a subpoena for an expert witness whom had a conflicting schedule.
    K.    Neither attorney Smith nor the public defender's office provided any actual assistance to the defense. The public

---

³*See* "Briefs & Other Pleadings," Vol. 1 [14-8] at 2-24.

⁴Jones claims his petition for post-conviction collateral relief was initially submitted to the Mississippi Supreme Court on March 17, 2009, but was subsequently lost and re-filed on May 12, 2009. *See* Petition [1] at 3; "Miscellaneous Pleadings" [14-12] at 3.

⁵He had three years from the date his "direct appeal [was] ruled upon" to do so. Miss. Code. Ann. § 99-39-5(2).

            defender's office was silent during the trial.
        L.     Failed to object to jury instructions.
        M.    Failed to timely file motions before the court.
        N.     Failed to properly preserve error for appeal.

Ground Two:  Ineffective assistance of appellate counsel.
        A.     Failed to conduct proper examination of the record or file a Notice of Appeal.
        B.     Failure to raise the following issues on direct appeal:
            1. Ineffective assistance of counsel at trial.
            2. Prosecution not within statue [sic] of limitation.
            3. Conviction upon insufficient evidence violated due process.
            4. Denied discovery in violation of due process.
            5. Demurrs [sic] to the indictment and insufficiency of the indictment.
            6. Double Jeopardy / Collateral estoppel.
            7. Trial court error in refusing defendant the expenditure of funds to hire DNA expert.
            8. Trial court failure to suppress DNA evidence.
            9. Trial court denial of continuance.
            10. Denial of fair trial.

Ground 3.     Prosecution time barred / not within statue (sic) of limitation

Ground 4.     Conviction upon insufficient evidence

Ground 5.     The Indictment is insufficient and unconstitutional

Ground 6.     The indictment was duplicitas [sic] / multiplicatus [sic] and in violation of double jeopardy

Ground 7.     Double jeopardy / collateral estoppel

Ground 8.     Denied discovery in violation of due process

Ground 9.     Denied the expenditure of funds to hire DNA expert

Ground 10.   Trial court erred in failing to suppress non/disclosed (DNA) evidence, thus violating due process

Ground 11.   The trial court erred in refusing to grant continuance

Ground 12.   The trial court erred in admitting unauthenticated DNA evidence

Ground 13.    Denied a fair trial

Ground 14.    The Court of Appeals abused it's [sic] authority in refusing to allow petitioner to supplement his direct appeal.[6]

On June 15, 2009, the Mississippi Supreme Court denied Jones's application stating,

> Jones asserts that he was denied effective assistance of counsel at trial and on direct appeal. However, Jones fails to specifically allege facts to support the assertion and fails to demonstrate that but for counsel's deficient performance the results of the trial would have been different. A defendant must demonstrate that his counsel's performance was deficient *and* that the deficiency prejudiced the defense of the case. *Strickland v. Washington,* 466 US 668, 687 (1984). Jones also raises a number of claims that are procedurally barred where the claims should have been raised on direct appeal. Therefore, the panel finds that the application should be denied.

*See* Ex. B to Answer [13-2].

Jones filed the instant Petition [1] for writ of habeas corpus on or about September 2, 2009. By that Petition [1] he asserts the following grounds for relief (as stated by Petitioner):

**Ground 1:**  Petitioner submits that he was denied discovery in violation of his right to Due Process of Law, pursuant to the United States and Mississippi Constitutions.

**Ground 2:**  Petitioner submits that he was denied effective assistance of counsel at trial, which is in violation of the United States and Mississippi Constitutions.
  A.   Defense Counsel failed to conduct an adequate pre-trial investigation into the controlling laws and facts [including the applicable statute of limitations].
  B.   Defense Counsel failed to make contemporaneous objections [regarding the dismissed juror and DNA testimony].
  C.   Defense Counsel failed to submit proper and acceptable jury instructions.
  D.   Defense Counsel failed to object to an obvious

---

[6]*See* "Miscellaneous Pleadings" [14-12] at 4-59.

|            | duplicitous indictment. |
|---|---|
| E. | Defense Counsel failed to issue a subpoena for an expert witness who had a conflicting schedule. |

**Ground 3:** Petitioner submits he was denied effective assistance of counsel on direct appeal, guaranteed by the Constitution.
- A. Counsel failed to conduct a proper examination of the record thereby limiting the availability of a legal argument on the merits of the case.
- B. Counsel failed to conduct proper research of the law and failed to marshall the facts and circumstances.
- C. Counsel failed to attack the conviction and sentence with zeal, which limited the effectiveness of the appeal.
- D. Counsel failed to file the Notice of Appeal, Designation of Record and other requirements of beginning the appeal process, to the extent that Petitioner had to proceed on these documents himself.
- E. Failure to raise the following issues on direct appeal:
  1. Denial of expert assistance.
  2. Prosecution time bar.
  3. Insufficient and unconstitutional indictment.
  4. Double jeopardy and/or duplicity.
  5. Denial of discovery.
  6. Conviction on a nonunanimous [sic] verdict.
  7. Denial of a fair trial.
  8. Ineffectiveness of trial counsel.
  9. Trial court in error failing to grant JNOV.

**Ground 4:** The Petitioner submits that the indictment is insufficient and constitutionally invalid.

**Ground 5:** The Petitioner submits that there was insufficient evidence to convict, which violates the United States and Mississippi Constitutions.

**Ground 6:** The Petitioner submits that the prosecution was time barred by State statute to commence with this case, in violation of United States and Mississippi Constitutions.

**Ground 7:** The Petitioner submits that he was denied the assistance of a DNA expert, which violates and compromises his rights under the United States and Mississippi Constitutions.

**Ground 8:** Jones asserts that the accumulation of constitutional violations and trial court errors had the effect of denying him a fundamental fair trial.

Respondents submit that Jones has exhausted his state court remedies as to the claims asserted in Grounds Two, Three, and Five of his petition. However, Respondents submit that the claims raised in Grounds One, Four, Six, Seven, and Eight were raised in Jones's PCR and were held to be procedurally barred by the Mississippi Supreme Court; thus Respondents urge that these claims are precluded from review by this court.

## II. STANDARD OF REVIEW

When a party objects to a Report and Recommendation this Court is required to "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). See also *Longmire v. Gust*, 921 F.2d 620, 623 (5th Cir. 1991) (Party is "entitled to a *de novo* review by an Article III Judge as to those issues to which an objection is made.") Such review means that this Court will examine the entire record and will make an independent assessment of the law. The Court is not required, however, to reiterate the findings and conclusions of the Magistrate Judge. *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993) nor need it consider objections that are frivolous, conclusive or general in nature. *Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1997). No factual objection is raised when a petitioner merely reurges arguments contained in the original petition. *Edmond v. Collins*, 8 F.3d 290, 293 (5th Cir. 1993).

## III. PETITIONER'S OBJECTIONS AND ANALYSIS

Petitioner Jones has filed Objections [33] to the Report and Recommendation of the Magistrate Judge. Petitioner's Objections address much of the Report and Recommendation of

the Magistrate Judge. Petitioner starts his objections with the statement that he disagrees with the Report and Recommendation as to Grounds 2, 3 and 5, and then he goes into detail as to his objections. An interesting question in this particular case arises from the fact that the Petitioner was indicted in the alternative. His conviction as stated above was for sexual battery of a 14 year old. The Section under which he was convicted was MCA 97-3-95(1)(c). The Indictment also charges the charge of sexual battery under Section 97-3-95(1)(d) of the Mississippi Code which provides that a person is guilty of sexual battery if he engages in sexual penetration with a child under 14 years of age. Subsection (c) as above described is the statute that pertains to children over 14 years of age but under 16 years of age. The statute under which he was convicted as above stated was 97-3-95(1)(c) which is the sexual battery of a child at least 14 years of age.

The argument put forth by Petitioner is that the victim was 13 and not 14. She had the stillborn baby at age 14 and the gestation period was inexact, but the proof was that she became pregnant by the Petitioner a few days before her 14th birthday. The Mississippi Court of Appeals addressed this argument and rejected it on its merits. *See Jones v. State,* 91 So.2d 629, 635 (Miss.Ct. App. 2008). Judge Parker's Report and Recommendation quotes the Court of Appeals Opinion and agreed with the Opinion which stated that

> When viewed in the light most favorable to the State, the evidence presented at trial is sufficient to warrant the trial court's denial of Jones' motion for a directed verdict and JNOV. . . . we cannot say that a miscarriage of justice resulted from the jury's finding him guilty of the lesser related offense. Thus, we find that both the weight and sufficiency of the evidence were adequate to convict Jones under Mississippi Code Annotated subsection 97–3–95(1)(c), and the trial court did not err in denying Jones' motions for directed verdict, JNOV, or a new trial.

Insufficiency of the evidence can support a claim for habeas relief only if the evidence,

when viewed in the light most favorable to the state is such that no "rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Santellan v. Cockrell,* 271 F.3d 190, 193 (5th Cir. 2001). This Court has reviewed the evidence that was submitted regarding the time of conception and cannot say that no trier of fact could have found as the jury did, and this claim for relief must be denied.

Petitioner further urges that the Magistrate Judge used the improper standard. This Court rejects the argument. There was no unreasonable determination of the facts in the light of the evidence presented.

INEFFECTIVE ASSISTANCE OF TRIAL AND APPELLATE COUNSEL

Ground 2: Ineffective trial counsel

Petitioner's Objections are mostly that he disagrees with the Magistrate Judge's findings. He addresses the application of *Strickland v. Washington* and lists a number of instances or alleged deficiencies by trial counsel. His reading of *Strickland* is incorrect and the Petitioner's argument regarding the running of the Statute of Limitations is simply misplaced. The conviction was not barred by the two-year Statute of Limitations. The basis for this finding is adequately set forth in Judge Parker's Report and Recommendation.

The Petitioner further objects in Ground 2, C. through E., other instances of ineffective performance by counsel. These are not backed up by the facts. Most of the instances he alleges are not errors at all as set forth in the Report and Recommendation. Additionally, there is no showing that the Mississippi Supreme Court's rejection of Jones' ineffective assistance of counsel claims involves an objectively unreasonable application of *Strickland* to the facts of this case. Jones is not entitled to habeas relief on this ground.

8

Ground 3: Ineffective appellate counsel

Petitioner disagrees with the Magistrate Judge's conclusion that the application of *Strickland* by the Mississippi Supreme Court is contrary to or involved an unreasonable application of clearly established precedent. Petitioner's argument is misplaced.

INDEPENDENT AND ADEQUATE STATE BAR

Petitioner disagrees with Judge Parker's conclusion that claims 4, 6, 7 and 8 are procedurally barred. His statements are conclusory. Petitioner has not established that Mississippi failed to strictly and regularly follow the procedural bar complained of. He certainly did not establish that there was a fundamental miscarriage of justice.

Finally, Petitioner claims that he is actually innocent, which under the facts of this case merits no consideration by this Court.

IV. CONCLUSION

As required by 28 U.S.C. § 636(b)(1) this Court has conducted an independent review of the entire record and a *de novo* review of the matters raised by the objections. For the reasons set forth above, this Court concludes that Jones' objections lack merit and should be overruled. The Court further concludes that the Report and Recommendation is an accurate statement of the facts and the correct analysis of the law in all regards. Therefore, the Court accepts, approves and adopts the Magistrate Judges's factual findings and legal conclusions contained in the Report and Recommendation. Accordingly, it is ordered that the United States Magistrate Judge Michael T. Parker's Report and Recommendation is accepted pursuant to 28 U.S.C. § 636(b)(1) and that Joseph Glenn Jones' claim is **dismissed with prejudice**. All other pending motions are denied as moot.

SO ORDERED this, the 16th day of August, 2012.

                                                      *s/ Keith Starrett*
                                      UNITED STATES DISTRICT JUDGE